UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __22-CR-80173-CANNON (s)__
18 U.S.C. § 2251(d) & (e)
18 U.S.C. § 2252A(a)(2) & (b)(1)
18 U.S.C. § 2252A(g)
18 U.S.C. § 2253

UNITED STATES OF AMERICA

vs.

GREGORY MALCOLM GOOD and
WILLIAM MICHAEL SPEARMAN,

Defendants.
_____/



FILED BY ___ D.C.

NOV 17 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### 18 U.S.C. § 2251(d) and (e)
### (Conspiracy to Advertise Child Pornography)

Beginning in or around March 2018, the exact date being unknown to the Grand Jury, and continuing through on or about November 2, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GREGORY MALCOLM GOOD**
**and**
**WILLIAM MICHAEL SPEARMAN,**

did knowingly and willfully conspire with each other and with other persons known and unknown to the Grand Jury to knowingly make, print, and publish, and cause to be made, printed, and published, by means of an internet website whose common name is known to the Grand Jury and is referred to herein as "Website A," any notice and advertisement seeking and offering to receive,

exchange, buy, produce, display, distribute, and reproduce any visual depiction, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, knowing and having reason to know that such notice and advertisement would be transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, all in violation of Title 18, United States Code, Section 2251(d) and (e).

## COUNT 2
## 18 U.S.C. § 2252A(a)(2) and (b)(1)
### (Conspiracy to Distribute Child Pornography)

Beginning in or around March 2018, the exact date being unknown to the Grand Jury, and continuing through on or about November 2, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GREGORY MALCOLM GOOD**
and
**WILLIAM MICHAEL SPEARMAN,**

did knowingly and willfully conspire with each other and with other persons known and unknown to the Grand Jury to distribute child pornography, as defined in 18 U.S.C. § 2256(8)(A), and material containing child pornography, by means of an internet website whose common name is known to the Grand Jury and is referred to herein as "Website A," using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Section 2252A(a)(2) and (b)(1).

## COUNT 3
## 18 U.S.C. § 2252A(g)
### (Engaging in a Child Exploitation Enterprise)

Beginning in or around March 2018, and continuing through on or about November 2, 2022, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**WILLIAM MICHAEL SPEARMAN,**

and other persons known and unknown to the Grand Jury, knowingly engaged in a child exploitation enterprise, in that the defendant violated Chapter 110 of Title 18 of the United States Code, as part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and committed those offenses in concert with three or more other persons, all in violation of Title 18, United States Code, Section 2252A(g).

## FORFEITURE

1.  The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **GREGORY MALCOLM GOOD** and **WILLIAM MICHAEL SPEARMAN**, have an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 2251 or 2252A, as alleged in this Superseding Indictment, the defendants, **GREGORY MALCOLM GOOD** and **WILLIAM MICHAEL SPEARMAN**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

    (a) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, United States Code;

(b) any property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such offense; and

(c) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property;

3. The property which is subject to forfeiture includes, but is not limited to, the following:

i. The real property located at 115 Rolling Lea Pl., Madison, Alabama 35758.

All pursuant to Title 18, United States Code, Section 2253(a), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 2253(b).

A TRUE BILL

_____
FOREPERSON


_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*Gregory Schiller*
_____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

_____
KYLE P. REYNOLDS
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION
CHILD EXPLOITATION AND OBSCENITY SECTION

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 22-CR-80173-CANNON(s)

v.

GREGORY MALCOLM GOOD and
WILLIAM MICHAEL SPEARMAN,
_____ Defendants. _____/

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☑ WPB

New Defendant(s) (Yes or No)   YES
Number of New Defendants       1
Total number of New Counts     1

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect:
4. This case will take 10 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                  (Check only one)
   I    ☐ 0 to 5 days                ☐ Petty
   II   ☑ 6 to 10 days               ☐ Minor
   III  ☐ 11 to 20 days              ☐ Misdemeanor
   IV   ☐ 21 to 60 days              ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes,               Case No. 22-CR-80173-CANNON
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 22-mj-08444; 22-mj-08510
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge   CANNON                          Case No.   22-CR-80107-AMC
9. Defendant(s) in federal custody as of October 4, 2022 (Good); November 2, 2022 (Spearman)
10. Defendant(s) in state custody as of
11. Rule 20 from the            District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By:  *Gregory Schiller*
GREGORY SCHILLER
Assistant United States Attorney
FLA Bar No.   0648477

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GREGORY MALCOLM GOOD

**Case No**: 22-CR-80173-CANNON (s)

Count #1:

Conspiracy to advertise child pornography

18 U.S.C. § 2251(d) and (e)
* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 15 years
* **Max. Supervised Release:** Life (mandatory minimum term of 5 years)
* **Max. Fine:** $250,000 fine and a $5,000 special assessment

Count #2:

Conspiracy to distribute child pornography

18 U.S.C. § 2252A(a)(2) & (b)(1)

* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** Life (mandatory minimum term of 5 years)
* **Max. Fine:** $250,000 fine and a $5,000 special assessment

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: WILLIAM MICHAEL SPEARMAN

**Case No**: 22-CR-80173-CANNON (s)

Count #1:

Conspiracy to advertise child pornography

18 U.S.C. § 2251(d) and (e)
* **Max. Term of Imprisonment**: 30 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: 15 years
* **Max. Supervised Release**: Life (mandatory minimum term of 5 years)
* **Max. Fine**: $250,000 fine and a $5,000 special assessment

Count #2:

Conspiracy to distribute child pornography

18 U.S.C. § 2252A(a)(2) & (b)(1)
* **Max. Term of Imprisonment**: 20 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: 5 years
* **Max. Supervised Release**: Life (mandatory minimum term of 5 years)
* **Max. Fine**: $250,000 fine and a $5,000 special assessment

Count #3:

Child exploitation enterprise

18 U.S.C. § 2252A(g)
* **Max. Term of Imprisonment**: Life
* **Mandatory Min. Term of Imprisonment (if applicable)**: 20 years
* **Max. Supervised Release**: Life (mandatory minimum term of 5 years)
* **Max. Fine**: $250,000 fine and a $5,000 special assessment

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.